INDEPENDENT SCHOOL DISTRICT NO. 13 v. MINNEAPOLIS ELECTRIC STEEL CASTINGS COMPANY AND OTHERS. JOHN MONETA AND ANOTHER, APPELLANTS.

214 N. W. 2d 469.

January 11, 1974—No. 43845.

*Weaver, Talle & Herrick* and *Charles R. Weaver,* for appellants.

*Dorsey, Marquart, Windhorst, West & Halladay* and *William J. Hempel,* for respondent.

PER CURIAM.

Appeal by landowners from an order of the district court denying an alternative motion for an additur or a new trial in a condemnation proceeding. The proceeding involved the taking of land of the appellants by an independent school district. The commissioners awarded $52,500. On appeal to the district court, the jury returned a verdict of $56,000.

The expert testimony was in substantial agreement that the highest and best use of the property would be for the construction of an apartment building. Sharply contested was the value of the property and particularly the necessity for and costs of soil correction procedures so that the property would be made suitable for apartment building construction. One of the landowners testified without objection that he purchased the property for $40,000 in 1968. The evidence of the value of the condemned parcel, based on the opinions of the various experts, extended from the sum of $49,000 to $105,000.

Two issues are presented on this appeal: (1) Was it error for the trial court to admit opinion evidence of one witness as to the cost of replacing soil on the property being condemned when his opinion was based on reports previously received in evidence? Those reports were prepared by another witness from data obtained by test borings performed by him on the subject property. (2) Was the verdict inadequate and erroneous as a matter of law?

1. Landowners' evidentiary issue involves testimony offered by a civil engineer relating to the costs of soil correction. The engineer used in his calculations the results of boring tests testified to and performed by another engineer. The receipt in evidence of the soil correction costs is contended to be erroneous because they were based in part upon the boring tests and the reports thereon. The boring tests and reports thereon were in fact a part of the evidence in the case, were properly admitted into evidence, and constituted a foundation for the engineer's

cost calculations. Landowners' claim that the engineer's opinion was erroneously admitted is, therefore, without merit.

2. Resolving the fair market value in condemnation proceedings is a function of the jury. Where opinion evidence is presented that differs or is conflicting, its weight is for the jury's determination. The question of damages is essentially one of fact. Moreover, as we pointed out in Housing & Redevel. Authority v. First Ave. Realty Co. 270 Minn. 297, 305, 133 N. W. 2d 645, 652 (1965), quoting from the case of State, by Lord, v. Frisby, 260 Minn. 70, 74, 108 N. W. 2d 769, 772 (1961):

"* * * [I]t is not for this court to say that it [the verdict] is so disproportionate as to be partial and unfair. The question of damages is essentially one of fact for the jury to determine. Moreover, the trial court who heard the evidence and arguments of counsel on motion for a new trial with reference to the question of damages has determined that there is no such disparity between the award and the demonstrated damage, as evidenced by the record, which would warrant setting it aside as inadequate. An appellate court should not substitute its own judgment for that of the jury, even where we are of the view that the evidence submitted would justify a substantially larger verdict."

We cannot say that the jury verdict in this case is so disproportionate as to be partial or unfair. Furthermore, the trial court who heard the evidence approved the verdict. A review of the record is convincing that the issues were properly presented to the jury. The verdict was amply supported by the evidence.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.