## METROPOLITAN SEWER BOARD v. BILL J. MOORE AND OTHERS.

226 N. W. 2d 314.

February 14, 1975—No. 44567.

*Hauge & Hoey* and *Paul H. Hauge,* for appellant.

*Russell L. Streefland,* for respondents.

Heard before Sheran, C. J., and Rogosheske and Yetka, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

This is an eminent domain proceeding initiated by Metropolitan Sewer Board in December 1970 for the purpose of acquiring a perpetual easement for sanitary sewer purposes over and across certain real estate[1] owned by respondents Bill J. Moore and Anna M. Moore.[2] In January 1971, the petition for the above condemnation was approved by the district court and commissioners were appointed to assess the damages sustained by the respondents as the result of that taking.

Subsequent to a hearing, the commissioners filed their report April 19, 1971, assessing damages in the amount of $2,650. Both parties appealed to the district court. Condemnor sought to have said award reduced to $1,100, while respondents sought to recover $20,000.

The matter was tried to a jury which returned special verdicts as follows:

"1. Total damages in the sum and amount of $21,599.00.

---

[1] A perpetual easement for sanitary sewer purposes and a temporary construction easement were sought over and across the following described land: "That part of Government Lot 2, Section 13, Township 27, Range 24, Dakota County, Minnesota lying northeasterly of the northeasterly right-of-way line of Cedar Avenue and southerly of MEADOW INN, according to the plat thereof on file or of record in the office of the Register of Deeds, Dakota County, Minnesota."

[2] Respondents Moore acquired the subject real estate from defendants Dewey and Verla Lagemann approximately 5 months prior to the date that the award of the commissioners was filed.

"2. Of the above total damages, we apportion the sum and amount of $14,700.00 for the value of the easements taken.

"3. Of the above total damages, we apportion the sum and amount of $3,259.00 for damages the land owner incurred by reason of having to add additional fill material to his property due to the installation of the sewer line."

These findings were adopted by the trial court which ordered judgment for respondents in the amount of $21,599.

Condemnor moved for a new trial or judgment n. o. v. Hearing on that motion was held, after which the trial court ordered as follows:

"1. That petitioner's motion for Judgment Notwithstanding the Verdict of the jury is in all things denied.

"2. That the verdict of the jury be reduced by the damages apportioned by them for the additional fill from Twenty-one Thousand Five Hundred Ninety-nine and No/100ths ($21,599.00) Dollars to Eighteen Thousand Three Hundred Forty and No/100ths ($18,340.00) Dollars.

"3. That petitioner's motion for a new trial be and the same hereby is in all things granted unless within ten (10) days of the filing of this Order respondents file with the Clerk of this Court their consent agreeing to the reduction of the reduced verdict of Eighteen Thousand Three Hundred Forty and No/100ths ($18,340.00) Dollars to Fourteen Thousand ($14,000.00) Dollars. If said respondents do file such consent within the aforementioned time limitation, then petitioner's motion for new trial is hereby in all things denied."

Respondents consented to the remittitur reducing the verdict to $14,000, and thereafter judgment was entered in the amount of $14,000 less a part payment previously made and plus costs, disbursements, and interest. Condemnor appeals from that order and judgment.

■ Condemnor assigns as error the trial court's refusal to admit evidence concerning the proposed future construction of Min-

nesota Trunk Highway No. 36 and the proposed future expansion of Fort Snelling State Park. Both projects would allegedly result in the condemnation of a substantial, if not total, portion of respondents' property.

The trial court found such evidence to be speculative and prejudicial. In view of the deference extended by this court to such discretionary rulings, we find no error. Rose v. Koch, 278 Minn. 235, 249, 154 N. W. 2d 409, 420 (1967); Pautz v. American Ins. Co. 268 Minn. 241, 248, 128 N. W. 2d 731, 736 (1964).

■ Condemnor contends a new trial is mandated because the price for which the subject property was conveyed to the Moores some 5 months prior to the date of the taking was not in evidence. However, condemnor did not seek to introduce that price into evidence at trial, and thus it will not be heard to complain at this stage of the proceedings.

■ Condemnor also alleges the jury's verdict as subsequently reduced by the trial court was not supported by the evidence. This court has consistently refused to substitute its judgment for that of a jury. Independent Sch. Dist. No. 13 v. Minneapolis Elec. St. Cast. Co. 298 Minn. 534, 214 N. W. 2d 469 (1974). In this case, the verdict, as reduced by the trial court, is supported by competent evidence in the record.

Affirmed.

MR. JUSTICE KELLY took no part in the consideration or decision of this case.